[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11148
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-02408-AT

HOPE BUSSENIUS,

Plaintiff-Appellant,

versus

BANK OF AMERICA, N.A.,

Defendant-Appellee,

BAC HOME LOAN SERVICING, L.P.,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 5, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Hope Bussenius brings this action against Bank of America, N.A. ("BANA") for wrongful foreclosure, breach of contract, and other business torts related to foreclosure proceedings.  Bussenius appeals the district court's grant of summary judgment in favor of BANA.  After careful review of the briefs and record, we affirm.

In considering the briefs on summary judgment, the district court concluded that Bussenius had waived the breach of contract claim and the tort claims. Although Bussenius's brief on appeal makes arguments with respect to these claims, it fails to address the district court's waiver holding.  Accordingly, we decline to address these arguments made for the first time on appeal and affirm the district court's holding that the contract and tort claims are waived.

The district court analyzed the substance of the wrongful foreclosure claim. The district court concluded that BANA properly proceeded with foreclosure under a 2010 loan modification, that BANA complied with the Georgia statutory notice of foreclosure requirements, and that Bussenius had failed to adduce evidence creating a genuine issue of fact showing a wrongful foreclosure.

We review the district court's grant of summary judgment de novo.  Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011).  In doing so, we draw all inferences and review all of the evidence in the light most favorable to the non-moving party.  Id.  "[I]f the movant shows that there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law," then summary judgment is appropriate.  Id.  To survive a motion for summary judgment, the nonmoving party must offer more than a mere scintilla of evidence for his position; rather, the nonmoving party must make a showing that is sufficient to allow a jury to reasonably find on his behalf.  Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala., 446 F.3d 1160, 1162 (11th Cir. 2006).

The district court held that Bussenius articulated only two theories of wrongful disclosure:  (1) that BANA improperly refused Plaintiff's mortgage payments; and (2) that BANA failed to comply with the notice of foreclosure requirements of Georgia law.  With respect to the latter, Bussenius's brief on appeal is so sparse and so conclusory that we deem that any challenge to the notice of foreclosure is abandoned.

The district court comprehensively addressed the argument that BANA had improperly refused mortgage payments made by Bussenius.  Appellant's brief on appeal makes only conclusory assertions with respect to the district court's analysis.  For example, the district court held:  "But Plaintiff offers no evidence to support her implicit assumption that this increase [in the monthly payments due from $3369.15 to $4175.09] was illegitimate."  D.C. Order, Docket 74, at 21.  Appellant's brief on appeal does not dispute this statement by the district court,

and points to no evidence to indicate that BANA had illegitimately increased the mortgage payment.

For the foregoing reasons, and for the reasons set forth by the district court in its order granting summary judgment in favor of BANA, the judgment of the district court is

AFFIRMED.